# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　**2. PLEASE TYPE OR PRINT**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| | | |
|---|---|---|
| Case Caption:<br><br>Rogelio Knights, Plaintiff-Appellee,<br><br>-against-<br><br>City University of New York,<br>Defendant-Appellant. | District Court or Agency:<br><br>Eastern District of New York | Judge:<br><br>Hon. Frederic Block |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>10/7/24 | District Court Docket No.:<br><br>19-cv-00480 |
| | Date the Notice of Appeal was Filed:<br><br>10/28/24 | Is this a Cross Appeal?<br><br>☐ Yes　　☑ No |

| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:<br>D. Alan Rosinus, Jr. | Address:<br>100 Church St.<br>New York, NY 10007 | Telephone No.:<br>(212) 356-0854 | Fax No.:<br>(212) 356-2509 | E-mail:<br>arosinus@law.nyc.gov |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:<br>Roosevelt T. Seymour | Address:<br>147 Prince St., | Telephone No.:<br>(718) 802-0055 | Fax No.: | E-mail:<br>roosevelt@seymourlaw.us |

| Has Transcript Been Prepared?<br><br>Yes | Approx. Number of Transcript Pages:<br><br>540 | Number of Exhibits Appended to Transcript:<br><br>0 | Has this matter been before this Circuit previously? ☑ Yes ☐ No<br><br>If Yes, provide the following:<br><br>Case Name: Knights v. City University of New York<br><br>2d Cir. Docket No.: 23-7708　　Reporter Citation: (i.e., F.3d or Fed. App.)<br>2024 U.S. App. LEXIS 21355 |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party　　☐ Diversity<br><br>☑ Federal question　　☐ Other (specify):<br>(U.S. not a party) | ☑ Final Decision　　☐ Order Certified by District Judge (i.e.,<br>　　　　　　　　　　　　　Fed . R. Civ. P. 54(b))<br><br>☐ Interlocutory Decision　　☐ Other (specify): _____<br>Appealable As of Right |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**
- [ ] Pre-trial
- [ ] During trial
- [✓] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [✓] Other (specify):

**3. Relief**
- [✓] Damages:
  - [✓] Sought: $ 119,700
  - [✓] Granted: $ 75,000
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

<--(Other: Judgment granting attorneys' fees motion)

---

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [✓] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [✓] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [✓] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [✓] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes  [✓] No

Will appeal raise a matter of first impression?
- [ ] Yes  [✓] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [✓] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [✓] No

   If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 11/20/2024 | Signature of Counsel of Record: /s/ D. Alan Rosinus, Jr. |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# ADDENDUM A

1) Plaintiff-appellee Rogelio Knights is a former CUNY employee who worked in the CUNY athletics department. He was investigated for sexually harassing a student athlete. After the allegation was substantiated, he was terminated, but then was rehired to finish the remainder of his contract with CUNY. At that point, the arbitration that he had brought concerning his termination was dismissed as moot. He then brought this action asserting due process claims under 42 U.S.C. § 1983 and seeking to vacate the arbitrator's mootness determination. After a jury trial, he received $1 in nominal damages because the jury found that CUNY should have given him a name-clearing hearing.

   Knights then moved for attorneys' fees and, although the City defendants-appellants argued that he was not entitled to any fees because he had received only nominal damages, the district court granted him $75,000 in fees. The City defendants-appellants appealed to this Court, which vacated the district court's order and judgment and remanded the matter to the district court for the district court to reconsider its award of fees and (if necessary) to articulate its basis for finding that any fees should be awarded. The district court entered a new order and judgment again awarding Knights $75,000 in fees.

2) The district court awarded Knights $75,000 in fees.

3) The notice of appeal for this appeal is attached as Exhibit A. A current copy of the district court docket sheet is attached as Exhibit B.

4) The district court's judgment entered on October 7, 2024 and its amended memorandum and order entered on October 3, 2024 are attached as Exhibit C.

# EXHIBIT A

𝕰𝖚𝖗𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
𝕰𝖆𝖘𝖙𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐

----------------------------------------------------------- x

ROGELIO KNIGHTS, JR.,

                                            Plaintiff,

                    -against-

THE CITY UNIVERSITY OF NEW YORK,
THOMAS A. ISEKENEGBE, and
CHRISTOPHER TODD CAROZZA,

                                            Defendants.

----------------------------------------------------------- x

**NOTICE OF APPEAL**

1:19-CV-00480(FB)(RML)

Notice is hereby given that defendants appeal to the United States Court of Appeals for the Second Circuit from the amended memorandum and order (ECF No. 104) of the United States District Court for the Eastern District of New York entered on October 3, 2024 and judgment (ECF No. 105) of that Court (Block, J.) entered on October 7, 2024.

Dated:     New York, New York
           October 25, 2024

                              MURIEL GOODE-TRUFANT
                              Acting Corporation Counsel
                              of the City of New York
                              Attorney for Defendants
                              100 Church Street
                              New York, New York 10007
                              (212) 356-0817

By:    _____
                              Devin Slack
                              Deputy Chief, Appeals Division

To:    ROOSEVELT SEYMOUR
       147 Prince Street, Room 203
       Brooklyn, New York 11201
       *Counsel for Plaintiff*

# EXHIBIT B

APPEAL

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:19-cv-00480-FB-RML

Knights v. City University of New York et al
Assigned to: Judge Frederic Block
Referred to: Magistrate Judge Robert M. Levy
Cause: 42:1983 Civil Rights Act

Date Filed: 01/24/2019
Date Terminated: 10/07/2024
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Rogelio Knights, Jr.**

represented by **Roosevelt T Seymour**
Roosevelt Seymour
147 Prince Street
Ste 203
Brooklyn, NY 11201
718-802-0055
Email: roosevelt@seymourlaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jaha C. Smith**
156-08 Riverside Drive West, Suite 5D
New York, NY 10032
646-584-0479
Fax: 646-584-0479
Email: run1st@aol.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City University of New York**

represented by **Christopher G. Arko**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-1000
Fax: 212-356-1148
Email: carko@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugenia Fowlkes**
Jackson Lewis P.C.
666 Third Avenue
Ste 29th Floor
New York, NY 10017

212-545-4000
Email: Eugenia.Fowlkes@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Christine Williams**
NYC Law Department
100 Church Street
New York, NY
212-356-2435
Fax: 212-356-1148
Email: lawillia@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Liliya Perelman Kramer**
Morgan Lewis & Bockius LLP
One Federal Street
16th Floor
Boston, MA 02110
617-341-7994
Email: liliya.kramer@morganlewis.com
*TERMINATED: 11/13/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Fernanda DeCastro**
NYC Law Department
100 Church Street
New York, NY 10007
(212)356-2658
Fax: (212)356-3509
Email: maria.decastro@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas A. Isekenegbe**
*TERMINATED: 06/06/2023*

represented by **Eugenia Fowlkes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Christine Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Liliya Perelman Kramer**
(See above for address)
*TERMINATED: 11/13/2019*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher Todd Carozza**
*TERMINATED: 06/06/2023*

represented by **Eugenia Fowlkes**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Christine Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Liliya Perelman Kramer**
(See above for address)
*TERMINATED: 11/13/2019*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2019 | 1 | COMPLAINT against Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe Was the Disclosure Statement on Civil Cover Sheet completed -no,, filed by Rogelio Knights, Jr. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 01/25/2019) |
| 01/24/2019 | | FILING FEE: $ 400, receipt number 4653136414 (Bowens, Priscilla) (Entered: 01/25/2019) |
| 01/24/2019 | 2 | Summons Issued as to Christopher Todd Carozza, City University of New York. (Bowens, Priscilla) Modified on 1/25/2019 (Bowens, Priscilla). (Entered: 01/25/2019) |
| 01/25/2019 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences.** <span style="color:red">Do NOT return or file the consent **unless** all parties have signed the consent.</span> (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 01/25/2019) |
| 02/15/2019 | 4 | NOTICE of Appearance by Liliya Perelman Kramer on behalf of City University of New York (aty to be noticed) (Kramer, Liliya) (Entered: 02/15/2019) |
| 02/15/2019 | 5 | First MOTION for Extension of Time to File Response/Reply *to the Complaint* by City University of New York. (Kramer, Liliya) (Entered: 02/15/2019) |
| 02/19/2019 | | ORDER granting 5 Motion for Extension of Time to File Response/Reply. Ordered by Magistrate Judge Robert M. Levy on 2/19/2019. (Marino, Janine) (Entered: 02/19/2019) |
| 03/20/2019 | 6 | First MOTION for pre motion conference *regarding Defendants' Anticipated Motion to Dismiss* by City University of New York. (Kramer, Liliya) (Entered: 03/20/2019) |
| 03/27/2019 | 7 | SCHEDULING ORDER: Defendant's letter application 6 dated 3/20/19 is GRANTED. A pre motion conference is scheduled for May 17, 2019 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference and then file a letter application.Ordered by Judge Frederic Block on 3/27/2019. (Innelli, Michael) (Entered: 03/27/2019) |

| 03/27/2019 | 8 | Letter by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 03/27/2019) |
|---|---|---|
| 04/17/2019 | 9 | SUMMONS Returned Executed by Rogelio Knights, Jr. Christopher Todd Carozza served on 4/1/2019, answer due 4/22/2019. (Seymour, Roosevelt) (Entered: 04/17/2019) |
| 04/17/2019 | 10 | SUMMONS Returned Executed by Rogelio Knights, Jr. Thomas A. Isekenegbe served on 4/10/2019, answer due 5/1/2019. (Seymour, Roosevelt) (Entered: 04/17/2019) |
| 05/17/2019 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff and Liliya Kramer, Esq. for the defendants, all present. Pre-motion conference held on 5/17/2019. Defendants anticipated motion to dismiss was discussed. By May 31, 2019 plaintiff will serve and file an amended complaint. If the defendant still wishes to pursue their motion to dismiss the amended complaint, then by June 6, 2019 counsel shall ECF file a letter with their agreed upon briefing schedule. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules.(Court Reporter: Not Reported) (Innelli, Michael) (Entered: 05/17/2019) |
| 05/29/2019 | 11 | AMENDED COMPLAINT against All Defendants, filed by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 05/29/2019) |
| 06/06/2019 | 12 | Letter *re: Briefing Schedule for Motion to Dismiss* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe (Kramer, Liliya) (Entered: 06/06/2019) |
| 06/06/2019 | | SCHEDULING ORDER: The Court adopts the parties agreed upon briefing schedule outline in defendant's letter 12 dated 6/6/19. By August 23, 2019 counsel shall serve and file their fully briefed motion to dismiss according to J. Blocks motion rules. Ordered by Judge Frederic Block on 6/6/2019. (Innelli, Michael) (Entered: 06/06/2019) |
| 07/18/2019 | 13 | Letter from Assistant Corporation Counsel to Judge Block enclosing 1) Defendants' Notice of Motion to Dismiss the Amended Complaint. 2) Declaration of Assistant Corporation Counsel Liliya Kramer In Support of Defendants' Motion to Dismiss the Amended Complaint, and its accompanying exhibits "A," "B," "C". 3) Defendants' Memorandum of Law In Support of Their Motion to Dismiss the Amended Complaint. (Ramesar, Thameera) (Entered: 07/18/2019) |
| 08/23/2019 | 14 | MOTION to Dismiss for Failure to State a Claim by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Kramer, Liliya) Modified on 4/6/2020 (Innelli, Michael). (Entered: 08/23/2019) |
| 08/23/2019 | 15 | AFFIDAVIT/DECLARATION in Support re 14 MOTION to Dismiss for Failure to State a Claim filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Attachments: # 1 Exhibit A- Letter Dated May 3, 2018, # 2 Exhibit B- Opinion and Award of Arbitrator Gaines, # 3 Exhibit C- Decision, Order, and Judgment Dated June 4, 2018.) (Kramer, Liliya) (Entered: 08/23/2019) |
| 08/23/2019 | 16 | MEMORANDUM in Support re 14 MOTION to Dismiss for Failure to State a Claim filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Kramer, Liliya) (Entered: 08/23/2019) |
| 08/23/2019 | 17 | AFFIDAVIT/DECLARATION in Opposition re 14 MOTION to Dismiss for Failure to State a Claim *Of Roosevelt Seymour* filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Kramer, Liliya) (Entered: 08/23/2019) |
| 08/23/2019 | 18 | MEMORANDUM in Opposition re 14 MOTION to Dismiss for Failure to State a Claim filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Kramer, Liliya) (Entered: 08/23/2019) |
| 08/23/2019 | 19 | REPLY in Support re 14 MOTION to Dismiss for Failure to State a Claim filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. |

| | | |
|---|---|---|
| | | (Kramer, Liliya) (Entered: 08/23/2019) |
| 09/09/2019 | 20 | NOTICE of Appearance by Laura Christine Williams on behalf of Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe (aty to be noticed) (Williams, Laura) (Entered: 09/09/2019) |
| 11/06/2019 | 21 | Letter MOTION to Withdraw as Attorney . (Ramesar, Thameera) (Entered: 11/12/2019) |
| 11/13/2019 | | ELECTRONIC ORDER: Granting Liliya Kramer's motion 21 to withdraw as attorney for the defendants. Attorney Liliya Perelman Kramer terminated. Ordered by Judge Frederic Block on 11/13/2019. (Innelli, Michael) (Entered: 11/13/2019) |
| 02/27/2020 | | SCHEDULING ORDER: The Court is scheduling oral argument on March 2, 2020 at 2:30 P.M. as to defendants pending motion 14 to dismiss. There will be no formal notice mailed to counsel. Upon receipt of this email counsel with each other the date and time of this oral argument. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this argument and then file a letter application no less then 48 hours in advance of the oral argument. Ordered by Judge Frederic Block on 2/27/2020. (Innelli, Michael) (Entered: 02/27/2020) |
| 02/27/2020 | 22 | First MOTION to Adjourn Conference by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 02/27/2020) |
| 02/27/2020 | | SCHEDULING ORDER: Defendant's letter application 22 dated 2/27/20, with the consent of plaintiff's counsel is GRANTED. The oral argument scheduled for March 2, 2020 is adjourned to March 24, 2020 at 2:30 P.M. Upon receipt of this email counsel shall confirm with each other the new date and time of this argument. Ordered by Judge Frederic Block on 2/27/2020. (Innelli, Michael) (Entered: 02/27/2020) |
| 03/17/2020 | | RE-SCHEDULING ORDER: The in person oral argument scheduled for March 24, 2020 @ 2:30PM is converted to a telephone oral argument. All parties are directed to call 877-336-1839 access code 7543641 at the time of the oral argument. Upon receipt of this email notification counsel shall confirm with each other of this re-scheduling order. Ordered by Judge Frederic Block on 3/17/2020. (Innelli, Michael) (Entered: 03/17/2020) |
| 03/24/2020 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff and Laura Williams, Esq. for the defendants, all present. Telephone oral argument held on 3/24/20. The defendants motion 14 to dismiss was discussed. The city's attorney conceded that plaintiff was covered by a just cause provision. The Court denies the motion for the reasons discussed during the oral argument and will issue a written decision shortly. (Court Reporter: Not Reported) (Innelli, Michael) Modified on 4/6/2020 (Innelli, Michael). (Entered: 03/24/2020) |
| 04/03/2020 | 23 | First MOTION for Extension of Time to File Answer re 11 Amended Complaint by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 04/03/2020) |
| 04/03/2020 | | ELECTRONIC ORDER: The defendants letter application 23 for an extension of time to serve and file an answer to the amended complaint is DENIED with leave to re-file their application addressed to MJ Levy who will be handling all pre-trial matters in this litigation. Ordered by Judge Frederic Block on 4/3/2020. (Innelli, Michael) (Entered: 04/03/2020) |
| 04/03/2020 | 24 | MOTION for Extension of Time to File Answer re 11 Amended Complaint by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 04/03/2020) |
| 04/03/2020 | | ORDER granting 24 Motion for Extension of Time to Answer as to all Defendants. Ordered by Magistrate Judge Robert M. Levy on 4/3/2020. (Marino, Janine) (Entered: |

| | | 04/03/2020) |
|---|---|---|
| 04/03/2020 | 25 | SCHEDULING ORDER: An initial conference by telephone has been scheduled for May 26, 2020 at 2:00 p.m., before the Honorable Robert M. Levy, United States Magistrate Judge, at (888) 684-8852; Access Code #: 6223489. All counsel must be available. Plaintiffs counsel is directed to confirm with defendants counsel that all necessary participants are aware of this conference. Ordered by Magistrate Judge Robert M. Levy on 4/3/2020. (Attachments: # 1 IC Questionnaire, # 2 Individual Rules) (Marino, Janine) (Entered: 04/03/2020) |
| 04/06/2020 | 26 | MEMORANDUM and ORDER: Denying motion 14 to dismiss. See attached memorandum and order for details. Ordered by Judge Frederic Block on 3/31/2020. (Innelli, Michael) (Entered: 04/06/2020) |
| 04/21/2020 | 27 | ANSWER to 11 Amended Complaint by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 04/21/2020) |
| 05/12/2020 | 28 | REPORT of Rule 26(f) Planning Meeting (Williams, Laura) (Entered: 05/12/2020) |
| 05/26/2020 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Roosevelt Seymour, with plaintiff; Laura Williams. Case management order approved. Settlement explored. Discovery deadlines: 11/5/20 fact; 1/31/21 expert. Next conference 11/5/20 at 2:00. (Tel)(close of fact discovery).Initial Conference Hearing held on 5/26/2020 (FTR Log #AT&T teleconference 2:05-2:27)Initial Conference Hearing held on 5/26/2020 (Levy, Robert) (Entered: 05/26/2020) |
| 08/13/2020 | 29 | STIPULATION *and Protective Order (Request to So-Order)* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe (Williams, Laura) (Entered: 08/13/2020) |
| 09/16/2020 | 30 | MOTION for Protective Order , *Request to So-Order Stipulation and Protective Order* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 09/16/2020) |
| 09/16/2020 | | ORDER granting 30 Motion for Protective Order Ordered by Magistrate Judge Robert M. Levy on 9/16/2020. (Levy, Robert) (Entered: 09/16/2020) |
| 11/02/2020 | 31 | Joint MOTION for Extension of Time to Complete Discovery by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Attachments: # 1 Proposed Order Proposed Revised Initial Conference Questionnaire) (Williams, Laura) (Entered: 11/02/2020) |
| 11/05/2020 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Roosevelt Seymour, with plaintiff; Laura Williams. Because of difficulties related to Covid, the fact and expert discovery deadlines are extended 60 days respectively. Fact discovery deadline 1/15/21. Next conference 1/20/21 at 10:30 (same dial-in number and access code)(close of fact discovery/settlement).Motion Hearing held on 11/5/2020 re 31 Joint MOTION for Extension of Time to Complete Discovery filed by Christopher Todd Carozza, Thomas A. Isekenegbe, City University of New York (Levy, Robert) (Entered: 11/05/2020) |
| 12/24/2020 | 32 | MOTION for Disclosure by Rogelio Knights, Jr. (Attachments: # 1 Exhibit) (Seymour, Roosevelt) (Entered: 12/24/2020) |
| 12/31/2020 | 33 | RESPONSE in Opposition re 32 MOTION for Disclosure *and Cross-Motion for Protective Order* filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Attachments: # 1 Exhibit Ex. A - Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and) (Williams, Laura) (Entered: 12/31/2020) |

| 01/04/2021 | | ORDER RE 31 Motion for Extension of Time to Complete Discovery. (See 11/05/20 minute entry for ruling). Ordered by Magistrate Judge Robert M. Levy on 11/5/20. (Marino, Janine) (Entered: 01/04/2021) |
|---|---|---|
| 01/14/2021 | 34 | MOTION for Discovery by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 01/14/2021) |
| 01/15/2021 | 35 | RESPONSE in Opposition re 32 MOTION for Disclosure filed by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 01/15/2021) |
| 01/15/2021 | | ORDER RE 34 MOTION for Discovery filed by Rogelio Knights, Jr. The court will address the request for an extension of the discovery deadline at the telephone conference scheduled for 1/20/21 at 10:30 am.Ordered by Magistrate Judge Robert M. Levy on 1/15/2021. (Marino, Janine) (Entered: 01/15/2021) |
| 01/20/2021 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Roosevelt Seymour, with plaintiff; Laura Williams. Plaintiff;s motion to depose Mr. Isekenegbe is granted for the reasons detailed on the record and in plaintiffs submissions. The deposition will be limited to 2 hours and will be held remotely and at deponents convenience. Discovery deadline extended to 3/15/21. Next conference 3/15/21 at 10:30 (same dial-in number and access code.Motion Hearing held on 1/20/2021 re 32 MOTION for Disclosure filed by Rogelio Knights, Jr., 34 MOTION for Discovery filed by Rogelio Knights, Jr. (Levy, Robert) (Entered: 01/20/2021) |
| 01/20/2021 | | ORDER granting 34 Motion for Discovery. Recorded 10:30-11:00. Ordered by Magistrate Judge Robert M. Levy on 1/20/2021. (Levy, Robert) (Entered: 01/20/2021) |
| 01/20/2021 | | ORDER granting 32 Motion for Disclosure for reasons explained on the record. Recorded 10:30-11:00. Ordered by Magistrate Judge Robert M. Levy on 1/20/2021. (Levy, Robert) (Entered: 01/20/2021) |
| 03/15/2021 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Roosevelt Seymour, with plaintiff; Laura Williams. (1) Counsel are unable to locate a potential witness/deponent, a Ms. Delgado. Counsel agree that, if either party locates her and/or seeks to use her testimony (in person or by affidavit) in connection with a dispositive motion or at trial, that discovery shall be reopened for the limited purpose of taking her deposition at a mutually convenient time. (2) Defendants will produce ESI today along with a written confirmation that no additional portions of a video discussed at this conference exist that have not been produced. (3) Discovery is otherwise complete. (4) Settlement explored. At this time, the parties are very far apart. Plaintiff will provide a revised settlement demand shortly, and defendants will define an approximate range, if any, in which they would be willing to settle, Discovery Hearing held on 3/15/2021 (Levy, Robert) (Entered: 03/15/2021) |
| 03/15/2021 | | Order Certifying Discovery is complete. See 3/15/21 minute entry for details.Ordered by Magistrate Judge Robert M. Levy on 3/15/2021. (Levy, Robert) (Entered: 03/15/2021) |
| 03/15/2021 | | ORDER Schedule for pre-motion conference (PMC) letters to Judge Block: Defendants shall file their PMC letter by 4/16/21. Plaintiff shall file any PMC cross-motion letter with his opposition.Ordered by Magistrate Judge Robert M. Levy on 3/15/2021. (Levy, Robert) (Entered: 03/15/2021) |
| 04/16/2021 | 36 | MOTION for pre motion conference *concerning defendants' anticipated motion for summary judgment* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 04/16/2021) |
| 04/22/2021 | 37 | RESPONSE to Motion re 36 MOTION for pre motion conference *concerning defendants' anticipated motion for summary judgment* filed by Rogelio Knights, Jr. (Seymour, |

| | | |
|---|---|---|
| | | Roosevelt) (Entered: 04/22/2021) |
| 04/23/2021 | 38 | ELECTRONIC ORDER: The defendant's letter application 36 dated 4/16/21 is GRANTED. A telephone pre motion conference is scheduled for May 26 2021 @ 4:00PM. The Court expects the parties to be conversant with the underlying facts and prepared to discuss the legal issues arising therefrom. The parties are reminded that they are obligated to discuss the prospect of settlement and may be required to provide the Court with a report of such discussions. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this telephone pre-motion conference and then file a letter application. All parties are directed to call 877-336-1839 then enter access code 7543641 at the time of the conference . Upon receipt of this email counsel shall confirm with each other of the date and time of this telephone pre-motion conference. Ordered by Judge Frederic Block on 4/23/2021. (Innelli, Michael) (Entered: 04/23/2021) |
| 04/23/2021 | | Set/Reset Hearings: Telephone Pre-Motion Conference set for 5/26/2021 04:00 PM before Judge Frederic Block. (Innelli, Michael) (Entered: 04/23/2021) |
| 05/26/2021 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff and Laura Williams, Esq. for the defendants, all present. Telephone pre-motion conference held on 5/26/2021. Defendants anticipated motion for summary judgment was discussed. By June 2, 2021 counsel shall notify the court by letter whether they agree to court mediation. If they do not agree, then their agreed upon briefing schedule as to their summary judgment motions. Counsel shall serve and file their fully briefed motion according to J. Blocks motion rules. The Court does not require courtesy copy of the motion papers. (Court Reporter: Not Reported) (Innelli, Michael) (Entered: 05/26/2021) |
| 06/02/2021 | 39 | Letter *request for referral to a settlement conference before the Magistrate Judge* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe (Williams, Laura) (Entered: 06/02/2021) |
| 06/02/2021 | 40 | MOTION for Hearing by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 06/02/2021) |
| 06/07/2021 | | SCHEDULING ORDER: A pre-settlement conference *via AT&T audio conference* is scheduled for June 28, 2021 at 12:30 p.m., before Magistrate Judge Robert M. Levy. Parties are directed to call 888-684-8852 and use access code # 6223489. Ordered by Magistrate Judge Robert M. Levy on 6/7/2021. (Marino, Janine) (Entered: 06/07/2021) |
| 06/28/2021 | | ORDER granting 40 Motion for Hearing. A pre-settlement/mediation conference is scheduled for 6/28/21. Ordered by Magistrate Judge Robert M. Levy on 6/7/2021. (Levy, Robert) (Entered: 06/28/2021) |
| 06/28/2021 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Roosevelt Seymour, with plaintiff; Laura Williams. Settlement explored in great detail. Plaintiff will re-send HIPPA authorizations for mental health records. A video settlement conference is scheduled for 8/2/21 at 10:00 (link to be sent to counsel prior to the conference)(video settlement conference).Settlement Conference held on 6/28/2021 (Levy, Robert) (Entered: 06/28/2021) |
| 07/30/2021 | 41 | First MOTION to Adjourn Conference by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Williams, Laura) (Entered: 07/30/2021) |
| 07/30/2021 | | ORDER granting 41 Motion to Adjourn Conference. The settlement conference is adjourned until 9/28/21 at 2:30PM. Counsel should use the same video links previously provided. Ordered by Magistrate Judge Robert M. Levy on 7/30/2021. (Ramirez, Alexia) (Entered: 07/30/2021) |

| 09/21/2021 | 42 | NOTICE of Appearance by Eugenia Fowlkes on behalf of All Defendants (aty to be noticed) (Fowlkes, Eugenia) (Entered: 09/21/2021) |
| 09/21/2021 | 43 | Letter MOTION to Adjourn Conference *scheduled on September 28, 2021* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Fowlkes, Eugenia) (Entered: 09/21/2021) |
| 09/22/2021 | 44 | REPLY in Opposition re 43 Letter MOTION to Adjourn Conference *scheduled on September 28, 2021* , RESPONSE to Motion re 43 Letter MOTION to Adjourn Conference *scheduled on September 28, 2021* filed by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 09/22/2021) |
| 09/22/2021 |  | SCHEDULING ORDER: A telephone conference *via AT&T audio conference* is scheduled for **9/23/21 at 1:00 PM** before Magistrate Judge Robert M. Levy. Parties are directed to call 888-684-8852 and use access code # 6223489. Ordered by Magistrate Judge Robert M. Levy on 9/22/2021. (Marino, Janine) (Entered: 09/22/2021) |
| 09/23/2021 |  | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: All counsel and the plaintiff present by telephone. Defendants new counsel has until the next conference on 10/27/21 at 2:00 pm to meet with clients and formulate a settlement offer. Motion Hearing held on 9/23/2021 re 43 Letter MOTION to Adjourn Conference *scheduled on September 28, 2021* filed by Christopher Todd Carozza, Thomas A. Isekenegbe, City University of New York (Levy, Robert) (Entered: 09/23/2021) |
| 10/27/2021 |  | ORDER terminating 43 Motion to Adjourn Conference Ordered by Magistrate Judge Robert M. Levy on 10/27/2021. (Levy, Robert) (Entered: 10/27/2021) |
| 10/27/2021 |  | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Roosevelt Seymour with plaintiff; Eugenia Fowlkes. Settlement explored in great detail. Settlement discussions are at an impasse,. Consistent with Judge Blocks rulings at the 5/26/21 conference, the parties have agreed to the following briefing schedule: Defendants motion for summary judgment12/1/21; plaitifs opposition and cross-motion for partial summary judgment 1/18/22; defendants reply 2/2/22; plaintiffs opposition to cross motion 2/16/22; plaintiffs reply on cross motion 3/2/22. Settlement Conference held on 10/27/2021 (Levy, Robert) (Entered: 10/27/2021) |
| 11/24/2021 | 45 | Letter MOTION for Extension of Time to File *Summary Judgment Motion* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Fowlkes, Eugenia) (Entered: 11/24/2021) |
| 11/24/2021 | 46 | RESPONSE in Opposition re 45 Letter MOTION for Extension of Time to File *Summary Judgment Motion* filed by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 11/24/2021) |
| 11/24/2021 |  | ELECTRONIC ORDER: Defendant's letter application 45 without the consent of the plaintiff is granted in part and denied in part. By January 3, 2022 the defendants shall serve their motion for summary judgment; By February 4, 2022 plaintiff shall serve their opposition and cross-motion for partial summary judgment; By February 18, 2022 defendants shall serve their reply; By March 4, 2022 the defendants shall serve their opposition to cross motion and by March 18, 2022 the plaintiff shall serve their reply on cross motion. On March 18, 2022 both sides shall file their fully briefed motion for summary judgment. The Court does not require courtesy copies of both motions for summary judgment. Ordered by Judge Frederic Block on 11/24/2021. (Innelli, Michael) (Entered: 11/24/2021) |
| 12/22/2021 | 47 | Letter MOTION for Extension of Time to File *Summary Judgment Motion Papers* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. |

| | | |
|---|---|---|
| | | (Fowlkes, Eugenia) (Entered: 12/22/2021) |
| 12/22/2021 | | ELECTRONIC ORDER: Defendant's letter application 47 with the consent of the plaintiff is GRANTED. By January 10, 2022 the defendants shall serve their motion for summary judgment. By February 4, 2022 plaintiff shall serve their opposition and cross-motion for partial summary judgment. By February 18, 2022 defendants shall serve their reply. By March 4, 2022 the defendants shall serve their opposition to cross motion and by March 18, 2022 the plaintiff shall serve their reply on cross motion. On March 18, 2022 both sides shall file their fully briefed motion for summary judgment. The Court does not require courtesy copies of both motions for summary judgment. Ordered by Judge Frederic Block on 12/22/2021. (Innelli, Michael) (Entered: 12/22/2021) |
| 12/22/2021 | 48 | MOTION for Extension of Time to File *Plaintiff's Opposition Papers and Cross-Motion* by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 12/22/2021) |
| 12/22/2021 | | ELECTRONIC ORDER: If the parties agreed to modify the existing briefing schedule they should have submitted a letter application proposing their entire agreed upon modified briefing scheduled. Plaintiff's letter application 48 with the consent of the defendant is GRANTED. By January 10, 2022 the defendants shall serve their motion for summary judgment. By February 11, 2022 plaintiff shall serve their opposition and cross-motion for partial summary judgment. By February 25, 2022 defendants shall serve their reply. By March 11, 2022 the defendants shall serve their opposition to cross motion and by March 25, 2022 the plaintiff shall serve their reply on cross motion. On March 25, 2022 both sides shall file their fully briefed motion for summary judgment. The Court does not require courtesy copies of both motions for summary judgment. Ordered by Judge Frederic Block on 12/22/2021. (Innelli, Michael) (Entered: 12/22/2021) |
| 01/18/2022 | 49 | Letter - *Cover Letter for Service of Summary Judgment Motion Papers* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe (Fowlkes, Eugenia) (Entered: 01/18/2022) |
| 03/03/2022 | 50 | Letter *of Service of Defendants' Reply Memorandum of Law in Further Support of their Motion for Summary Judgment* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe (Fowlkes, Eugenia) (Entered: 03/03/2022) |
| 03/09/2022 | 51 | Letter MOTION for Extension of Time to File *Parties to Modify the Motion for Summary Judgment Briefing Schedule (on consent)* by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Fowlkes, Eugenia) (Entered: 03/09/2022) |
| 03/09/2022 | | ELECTRONIC ORDER: Defendant's letter application 51 with the consent of the plaintiff is GRANTED. The Court adopts the parties agreed upon modified briefing schedule. By April 1, 2022 counsel shall file their fully briefed motions for summary judgment. Counsel shall follow J. Block's motion rules, specifically section 2(D) when filing their motions. The Court does not require a courtesy copy of the motion papers. Ordered by Judge Frederic Block on 3/9/2022. (Innelli, Michael) (Entered: 03/09/2022) |
| 03/31/2022 | 52 | Fully Briefed MOTION for Summary Judgment by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Attachments: # 1 Defendants' Rule 56.1 Statement, # 2 Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, # 3 ACC Fowlkes Declaration, # 4 Exhibit A, # 5 Exhibit B - Part 1, # 6 Exhibit B - Part 2, # 7 Exhibit B - Part 3, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R, # 24 Exhibit S, # 25 Exhibit T, # 26 Exhibit U, # 27 Exhibit V, # 28 Exhibit W, # 29 Exhibit X, # 30 Exhibit Y, # 31 Exhibit Z, # 32 Exhibit AA, # 33 Exhibit BB, # 34 Exhibit CC, # 35 Exhibit DD, # 36 Exhibit EE, # 37 Exhibit FF, # 38 Exhibit GG, # 39 Exhibit HH, # 40 Exhibit II, # 41 Exhibit JJ, # 42 Exhibit KK, # 43 |

| | | |
|---|---|---|
| | | Exhibit LL, # [44](#) Exhibit MM, # [45](#) Exhibit NN, # [46](#) Exhibit OO, # [47](#) Exhibit PP) (Fowlkes, Eugenia) (Entered: 03/31/2022) |
| 03/31/2022 | 53 | AFFIDAVIT/DECLARATION in Opposition re 52 Fully Briefed MOTION for Summary Judgment *by Plaintiff* filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13, # [14](#) Exhibit 14, # [15](#) Exhibit 15, # [16](#) Exhibit 16, # [17](#) Exhibit 17, # [18](#) Exhibit 18, # [19](#) Exhibit 19, # [20](#) Exhibit 20, # [21](#) Exhibit 21, # [22](#) Exhibit 22, # [23](#) Exhibit 23, # [24](#) Exhibit 24, # [25](#) Exhibit 25, # [26](#) Plaintiff's Rule 56.1 Counterstatement, # [27](#) Plaintiff Affidavit, # [28](#) Plaintiff Memorandum of Law in Opposition to Defendants Motion for Summary Judgment) (Fowlkes, Eugenia) (Entered: 03/31/2022) |
| 03/31/2022 | 54 | REPLY in Support re 52 Fully Briefed MOTION for Summary Judgment filed by Christopher Todd Carozza, City University of New York, Thomas A. Isekenegbe. (Fowlkes, Eugenia) (Entered: 03/31/2022) |
| 03/31/2022 | 55 | MOTION for Summary Judgment by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 03/31/2022) |
| 03/31/2022 | 56 | MOTION for Partial Summary Judgment by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 03/31/2022) |
| 03/31/2022 | 57 | RESPONSE in Opposition re 56 MOTION for Partial Summary Judgment , 52 Fully Briefed MOTION for Summary Judgment filed by All Plaintiffs. (Attachments: # [1](#) Declaration Exhibit) (Seymour, Roosevelt) (Entered: 03/31/2022) |
| 03/31/2022 | 58 | Letter by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 03/31/2022) |
| 04/01/2022 | 59 | MOTION for Partial Summary Judgment by Rogelio Knights, Jr. (Attachments: # [1](#) Memorandum in Support, # [2](#) Rule 56.1 Statement, # [3](#) Reply Memorandum) (Seymour, Roosevelt) (Entered: 04/01/2022) |
| 04/01/2022 | 60 | RESPONSE in Opposition re 56 MOTION for Partial Summary Judgment , 59 MOTION for Partial Summary Judgment filed by Rogelio Knights, Jr. (Attachments: # [1](#) Rule 56.1 Statement, # [2](#) Declaration, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Exhibit, # [11](#) Exhibit, # [12](#) Exhibit, # [13](#) Exhibit, # [14](#) Exhibit) (Seymour, Roosevelt) (Entered: 04/01/2022) |
| 04/01/2022 | | Motions terminated, docketed incorrectly: 56 MOTION for Partial Summary Judgment. THIS IS A DUPLICATE OF DOCUMENT 59 WHICH IS STILL PENDING. THIS DOCUMENT DOES NOT NEED TO BE RE-FILED. (Innelli, Michael) (Entered: 04/01/2022) |
| 11/08/2022 | 61 | MEMORANDUM and ORDER: Defendants motion 52 for summary judgment is granted as to Knightss deprivation of property claims, his deprivation of liberty claims against Carozza and Isekenegbe, and his CPLR § 7511 claim, and denied as to his deprivation of liberty claim against CUNY. Knightss cross-motion 55 & 59 for summary judgment is denied. Ordered by Judge Frederic Block on 11/8/2022. (MI) (Entered: 11/08/2022) |
| 12/19/2022 | 62 | Letter by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 12/19/2022) |
| 12/20/2022 | | SCHEDULING ORDER: An in person pretrial conference is scheduled for January 20, 2023 @ 4:00 pm to schedule a jury trial date. Trial counsel shall appear at this conference so a firm trial date can be scheduled. Upon receipt of this email counsel shall confirm with each other the date and time of this in person pre-trial conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this |

| | | |
|---|---|---|
| | | conference and then file a letter application. Ordered by Judge Frederic Block on 12/20/2022. (MI) (Entered: 12/20/2022) |
| 12/20/2022 | | Set/Reset Hearings: In Person Pretrial Conference set for 1/20/2023 04:00 PM before Judge Frederic Block. (MI) (Entered: 12/20/2022) |
| 01/20/2023 | 63 | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff and Maria DeCastro, Esq. for the defendants, all present. Pre-trial conference held on 1/20/2023. Settlement is not possible at this time. This case does not require a pre-trial order. A jury trial is scheduled for 6/19/23 @ 10 am. A further in person pre-trial conference is scheduled for 6/14/23 @ 5pm. Counsel have been given copies of the Courts forms for a witness and exhibit list, which are also attached to this minute entry in PDF format. Counsel shall fill out and exchange their lists prior to the next in person pre-trial conference and note any objections with an astrid so their objections can be discussed at the next in person pre-trial conference. Counsel shall file their final witness and exhibit lists at least 1 week before the next in person pre-trial conference for the court to review and discuss with counsel. (Court Reporter: Not Reported) (MI) (Entered: 01/20/2023) |
| 02/07/2023 | 64 | NOTICE of Appearance by Maria Fernanda DeCastro on behalf of City University of New York (aty to be noticed) (DeCastro, Maria) (Entered: 02/07/2023) |
| 05/30/2023 | 65 | SCHEDULING ORDER: The in person pre-trial conference scheduled for June 14, 2023 will take place at 4:00PM, instead of 5:00PM, due to a conflict with the Courts calendar. By June 12, 2023 counsel shall file their final proposed witness and exhibit lists and exchange their lists prior to the June 14, 2023 in person pre-trial conference. Counsel shall note with an astrid any objections to exhibits so those objections can be discussed at the in person pre-trial conference. The courts PDF forms for a witness and exhibit list are attached to this scheduling order. Upon receipt of this email counsel shall confirm with each other the new time for the conference scheduled on June 14, 2023. Ordered by Judge Frederic Block on 5/30/2023. (MI) (Entered: 05/30/2023) |
| 05/30/2023 | | Set/Reset Hearings: In Person Pretrial Conference set for 6/14/2023 04:00 PM before Judge Frederic Block. (MI) (Entered: 05/30/2023) |
| 05/30/2023 | | SCHEDULING ORDER: An in person conference is scheduled for June 6, 2023 @ 3:30pm to discuss the remaining claim and the June 19, 2023 jury trial. There will be no formal order mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this in person conference. Ordered by Judge Frederic Block on 5/30/2023. (MI) (Entered: 05/30/2023) |
| 05/30/2023 | | Set/Reset Hearings: In Person Conference set for 6/6/2023 03:30 PM before Judge Frederic Block. (MI) (Entered: 05/30/2023) |
| 05/30/2023 | 66 | NOTICE of Appearance by Christopher G. Arko on behalf of City University of New York (aty to be noticed) (Arko, Christopher) (Entered: 05/30/2023) |
| 06/06/2023 | | ELECTRONIC Order Dismissing: Defendants Christopher Todd Carozza and Thomas A. Isekenegbe, only. See entry 61 the Court's Memorandum and Order. Ordered by Judge Frederic Block on 6/6/2023. (MI) (Entered: 06/06/2023) |
| 06/06/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff; Maria DeCastro, Esq. & Christopher Arko, Esq. for the defendants, all present. Conference held on 6/6/2023. The plaintiffs remaining claim and the June 20, 2023 jury trial were discussed. By June 12, 2023 counsel shall serve and file their proposed exhibit and witness lists and any request to charge on non-boilerplate language. J. Block will select the jury in this case. A further in person pre-trial conference will be held on 6/14/23 @ 4:00 pm. (Court Reporter: Not Reported.) (MI) (Entered: 06/06/2023) |

| 06/12/2023 | 67 | Exhibit List *Defendant's proposed exhibit list* by Thomas A. Isekenegbe. (DeCastro, Maria) (Entered: 06/12/2023) |
|---|---|---|
| 06/12/2023 | 68 | Proposed Jury Instructions/Verdict Form by City University of New York (Arko, Christopher) (Entered: 06/12/2023) |
| 06/13/2023 | 69 | NOTICE of Appearance by Jaha C. Smith on behalf of All Plaintiffs (aty to be noticed) (Smith, Jaha) (Entered: 06/13/2023) |
| 06/13/2023 | 70 | Exhibit List by Rogelio Knights, Jr., Witness List by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 06/13/2023) |
| 06/13/2023 | 71 | TRIAL BRIEF by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 06/13/2023) |
| 06/13/2023 | 72 | Proposed Jury Instructions/Verdict Form by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 06/13/2023) |
| 06/13/2023 | 73 | Proposed Jury Instructions/Verdict Form by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 06/13/2023) |
| 06/13/2023 | 74 | MOTION in Limine by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 06/13/2023) |
| 06/13/2023 | 75 | First MOTION in Limine by City University of New York. (DeCastro, Maria) (Entered: 06/13/2023) |
| 06/13/2023 | 76 | MEMORANDUM in Support re 75 First MOTION in Limine filed by City University of New York. (DeCastro, Maria) (Entered: 06/13/2023) |
| 06/14/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff and Christopher Arko, Esq. & Maria DeCastro, Esq. for the defendants, all present. Pre-trial conference held on 6/14/2023. The parties exhibit and witness lists were discussed. Counsel will file revised exhibit lists by the end of today. A further in person conference is scheduled for June 15, 2023 @ 4:30 pm to discuss the parties revised exhibit lists. (Court Reporter: Not Reported) (MI) (Entered: 06/14/2023) |
| 06/15/2023 | | ELECTRONIC ORDER: The Court held an informal pre-trial conference on June 14, 2023 and the following rulings were made. The Defendants motion 76 in limine is GRANTED with respect to Plaintiffs proposed exhibits 2, 3, 13, and 17-22. These exhibits are precluded. Defendants motion 74 in limine is GRANTED IN PART with respect to Plaintiffs proposed exhibits 35-41. Plaintiff shall strike from his proposed exhibit list, and is precluded from introducing at trial, all material in exhibits 35-41 which does not include an application to and rejection from a job, or which does not include a rejection, occurring after the purported disseminations occurred, from an athletics or coaching job which reference Plaintiffs application to said job. The Court makes no ruling with respect to any other aspects of Defendants motion in limine. Ordered by Judge Frederic Block on 6/15/2023. (MI) (Entered: 06/15/2023) |
| 06/15/2023 | 77 | Exhibit List by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 06/15/2023) |
| 06/15/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. for the plaintiff and Christopher Arko, Esq. & Maria DeCastro, Esq. for the defendants, all present. Pre-trial conference held on 6/15/2023. The parties revised exhibit and witness lists were discussed. Ruling were placed on the record. Jury selection and trial will commence on June 20, 2023 @ 10am. (Court Reporter: Kristi Cruz 718 613 2676) (MI) (Entered: 06/15/2023) |
| 06/20/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. & Jaha Smith, Esq. for the plaintiff and Maria DeCastro, Esq. and Christopher Arko, Esq. for the defendants, all present. Jury selection and trial held on 6/20/2023. Voir dire was |

| | | |
|---|---|---|
| | | held. The jurors were selected and sworn. The Court gave its preliminary statements and counsel gave their opening statements. Plaintiff was sworn & testified, and exhibits were offered and entered, into evidence. The trial is continued on 6/21/23 @ 10 AM. (Court Reporter: ToniAnn Lucatorto 718 613 2601) (MI) (Entered: 06/20/2023) |
| 06/21/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. & Jaha Smith, Esq. for the plaintiff and Maria DeCastro Esq. and Christopher Arko Esq. for the defendants, all present. Jury trial held on 6/21/2023. Legal issues discussed. Witnesses were sworn & testified, and exhibits were offered and entered, into evidence. The trial is continued on 6/22/23 @ 10 AM. (Court Reporter: ToniAnn Lucatorto 718 613 2601) (MI) (Entered: 06/21/2023) |
| 06/22/2023 | 78 | ORDER: Permitting Todd Drantch to keep his cell phone on his person in the building during the course of the jury trial in this case. Ordered by Judge Frederic Block on 6/22/2023. (MI) (Entered: 06/22/2023) |
| 06/22/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. & Jaha Smith, Esq. for the plaintiff and Maria DeCastro, Esq. and Christopher Arko, Esq. for the defendants, all present. Jury trial held on 6/22/2023. Witnesses were sworn & testified, and exhibits were offered and entered, into evidence. Plaintiffs rest. The defendants move pursuant to Rule 50(a) and for a judgment as a matter of law. The Court reserves decision. The defendant presents their case. The defendant rests. Jury instructions were discussed. The trial is continued on 6/23/23 @ 9:30 AM. (Court Reporter: ToniAnn Lucatorto 718 613 2601) (MI) (Entered: 06/22/2023) |
| 06/23/2023 | 79 | Order of Sustenance during deliberations. Ordered by Judge Frederic Block on 6/23/2023. (MI) (Entered: 06/23/2023) |
| 06/23/2023 | | Minute Entry for proceedings held before Judge Frederic Block: Roosevelt Seymour, Esq. & Jaha Smith, Esq. for the plaintiff and Maria DeCastro, Esq. and Christopher Arko, Esq. for the defendants, all present. Jury trial held on 6/23/2023. Jury instructions were discussed. Counsel gave their closing arguments. The jury is instructed on the law and begin their deliberations. The jury returns a verdict in favor of the defendants. The defendants renew their motion pursuant to Rule 50(a). By June 30, 2023 counsel shall notify the court by letter as to whether they wish to pursue any post- trial motions, and if so their agreed upon briefing schedule. The jury was discharged with thanks from the Court. (Court Reporter: Stacy Mace 718 613 2609) (MI) (Entered: 06/23/2023) |
| 06/23/2023 | | JURY VERDICT in favor of the defendant. (MI) (Entered: 06/23/2023) |
| 06/26/2023 | | ELECTRONIC ORDER: Plaintiff's motion 74 in imine and defendant's motion 75 in limine were decided during both a pre-trial conference and the jury trial. See trial transcript for the court's rulings. Ordered by Judge Frederic Block on 6/26/2023. (MI) (Entered: 06/26/2023) |
| 06/26/2023 | 80 | Jury Notes (MI) (Entered: 06/26/2023) |
| 06/26/2023 | 81 | SIGNED VERDICT SHEET (MI) Modified on 6/26/2023 (MI). (Entered: 06/26/2023) |
| 06/26/2023 | 82 | Jury Instructions (MI) (Entered: 06/26/2023) |
| 06/26/2023 | 83 | COURT EXHIBITS A thru H. (MI) (Entered: 06/26/2023) |

| 06/28/2023 | 84 | JUDGMENT, Jury verdict. This action came before the Court for a trial by jury.The issues have been tried and the jury has rendered its verdict.IT IS ORDERED AND ADJUDGED THAT PLAINTIFF RECOVERS NOTHINGFROM THE DEFENDANTS AND THE COMPLAINT IS DISMISSED IN IT'S ENTIRETY. (Signed by Brenna B. Mahoney, Clerk of the Court and Michael Innelli, Courtroom Deputy on on 6/27/2023) (SG) (Entered: 06/28/2023) |
| 06/29/2023 | 85 | MOTION to Alter Judgment by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 06/29/2023) |
| 06/29/2023 | | ELECTRONIC ORDER: Granting plaintiff's motion 85 to alter the judgment. Ordered by Judge Frederic Block on 6/29/2023. (MI) (Entered: 06/29/2023) |
| 06/29/2023 | 86 | AMENDED JUDGMENT: IT IS ORDERED AND ADJUDGED THAT PLAINTIFF SHALL RECOVER FROM THE DEFENDANT CITY UNIVERSITY OF NEW YORK AN AWARD OF ONE DOLLAR (1.00) IN NOMINAL DAMAGES FOR A VIOLATION OF HIS DUE PROCESS RIGHT TO LIBERTY. Ordered by Judge Frederic Block on 6/29/2023. (MI) (Main Document 86 replaced on 6/29/2023) (MI). (Main Document 86 replaced on 8/26/2024) (MI). (Entered: 06/29/2023) |
| 06/30/2023 | 87 | Letter by Rogelio Knights, Jr (Seymour, Roosevelt) (Entered: 06/30/2023) |
| 06/30/2023 | | SCHEDULING ORDER: Plaintiff's letter application 87 with the consent of the defendant is GRANTED. The Court adopts the parties agreed upon briefing schedule. By **August 18, 2023** counsel shall file their fully briefed post trial motions. Counsel may modify their agreed upon briefing schedule without court approval. Counsel shall file a letter notifying the Court of their modified agreed upon briefing schedule. Counsel shall follow J. Block's motion rules, specifically section 2(D) when filing their motions. The Court does not require a courtesy copy of the motion papers. Ordered by Judge Frederic Block on 6/30/2023. (MI) (Entered: 06/30/2023) |
| 07/11/2023 | 88 | MOTION for Attorney Fees *Cover Letter* by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 07/11/2023) |
| 07/11/2023 | | Motions terminated, docketed incorrectly: MOTION 88 for Attorney Fees Cover Letter. THIS IS NOT A FORMAL MOTION, BUT RATHER A COVER LETTER SERVING THE MOTIONS PAPERS. MOTIONS FOR ATTORNEY'S FEES NEED NOT FOLLOW THE BUNDLING RULE. PARTIES MAY FILE THEIR MOTION PAPERS AT THE SAME TIME THEY SERVE THEIR ADVERSARY . (MI) (Entered: 07/11/2023) |
| 07/11/2023 | 89 | MOTION for Attorney Fees by Rogelio Knights, Jr. (Attachments: # 1 Exhibit) (Seymour, Roosevelt) (Entered: 07/11/2023) |
| 07/11/2023 | 90 | MOTION for Attorney Fees by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 07/11/2023) |
| 07/11/2023 | 91 | MOTION for Attorney Fees *memorandum of law* by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 07/11/2023) |
| 07/11/2023 | 92 | MOTION for Attorney Fees *Declaration with Exhibits 1-2* by Rogelio Knights, Jr. (Attachments: # 1 Exhibit) (Seymour, Roosevelt) (Entered: 07/11/2023) |
| 07/11/2023 | | Motions terminated, docketed incorrectly: Motions 89 & 91 for Attorney Fees. THESE ARE NOT FORMAL MOTIONS, BUT RATHER DOCUMENTS IN SUPPORT OF MOTION 90 FOR ATTORNEY'S FEES, WHICH IS STILL PENDING. DOCUMENTS 89 AND 91 DO NOT NEED TO BE RE-FILED . (MI) (Entered: 07/11/2023) |

| 07/11/2023 | | Motions terminated, docketed incorrectly: Motion 92 for Attorney Fees. THIS IS NOT A FORMAL MOTION, BUT RATHER EXHIBITS IN SUPPORT OF A MOTION 90 FOR ATTORNEY'S FEES, WHICH IS STILL PENDING. DOCUMENT 92 DOES NOT NEED TO BE RE-FILED . (MI) (Entered: 07/11/2023) |
|---|---|---|
| 07/20/2023 | | SCHEDULING ORDER: By no later then August 3, 2023 the defendants shall serve and file a response to plaintiff's motion 90 for attorney's fees. Ordered by Judge Frederic Block on 7/20/2023. (MI) (Entered: 07/20/2023) |
| 08/03/2023 | 93 | MEMORANDUM in Opposition re 90 MOTION for Attorney Fees filed by City University of New York. (Arko, Christopher) (Entered: 08/03/2023) |
| 08/03/2023 | 94 | AFFIDAVIT/DECLARATION in Opposition *to motion for attorney's fees* filed by City University of New York. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I) (Arko, Christopher) (Entered: 08/03/2023) |
| 08/10/2023 | 95 | REPLY in Support filed by Rogelio Knights, Jr. (Seymour, Roosevelt) (Entered: 08/10/2023) |
| 10/03/2023 | 96 | MEMORANDUM and ORDER: Plaintiff's motion 90 for attorneys fees is accordingly DENIED in part and GRANTED in part. Judgment shall be entered in favor of Plaintiff Rogelio Knights, Jr. against Defendant City University of New York in the sum of $75,000. Ordered by Judge Frederic Block on 10/3/2023. (MI) (Entered: 10/03/2023) |
| 10/03/2023 | 97 | JUDGMENT on Attorney Fees in favor of Rogelio Knights, Jr against City University of New York in the total sum of $75,000.00. Ordered by Judge Frederic Block on 10/3/2023. (MI) (Main Document 97 replaced on 8/26/2024) (MI). (Entered: 10/03/2023) |
| 11/02/2023 | 98 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on June 15, 023, before Judge Block. Court Reporter/Transcriber Kristi Cruz, Telephone number 718-613-2676. Email address: kristi.edny@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 11/23/2023. Redacted Transcript Deadline set for 12/4/2023. Release of Transcript Restriction set for 1/31/2024. (Cruz, Kristi) (Entered: 11/02/2023) |
| 11/02/2023 | 99 | NOTICE OF APPEAL as to 97 Judgment on Attorney Fees, 96 Order on Motion for Attorney Fees, by City University of New York. Appeal Record due by 11/16/2023. (Attachments: # 1 Exhibit, # 2 Exhibit) (Arko, Christopher) (Entered: 11/02/2023) |
| 11/03/2023 | | APPEAL FILING FEE DUE re 99 Notice of Appeal Payment in the amount of $505.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (VJ) (Entered: 11/03/2023) |
| 11/03/2023 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 99 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 11/03/2023) |
| 11/03/2023 | | CIVIL CASE APPEAL FILING FEE: $ 505, receipt number ANYEDC-17249581 (Arko, Christopher) (Entered: 11/03/2023) |
| 11/03/2023 | | Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 99 Notice of Appeal Documents are available via Pacer. For docket entries without a |

| | | |
|---|---|---|
| | | hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 11/03/2023) |
| 08/23/2024 | [100](#) | ORDER of USCA as to [99](#) Notice of Appeal filed by City University of New York. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the matter is REMANDED for further proceedings consistent with this order. Certified Copy Issued: 8/23/2024. USCA# 23-7708. (VJ) (Entered: 08/23/2024) |
| 09/18/2024 | [101](#) | MANDATE of USCA as to [99](#) Notice of Appeal filed by City University of New York. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the matter is REMANDED for further proceedings consistent with this order. Issued as Mandate: 9/18/2024. USCA# 23-7708. (VJ) (Entered: 09/18/2024) |
| 09/20/2024 | [102](#) | MEMORANDUM AND ORDER: I therefore consider the unique facts of this case to be tantamount to a rare example of when counsel fees are justified for a constitutional violation, even if no new rule of law resulted from the litigation. Moreover, I do not view depriving one of his constitutional entitlement to a name-clearing hearing as inconsequential. The Supreme Court has made it perfectly clear that this liberty interest is a fundamental right, not to be trampled on. Once again, as it stated in Wisconsin v. Constantineau, 400 U.S. 433 (1971), [w]here a persons good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential. Id. at 437. Ordered Judge Frederic Block on 9/20/2024. (Attachments: # [1](#) Judge McMahon's Decision and Order, # [2](#) Arbitration Opinion and Award, # [3](#) Exhibit 14) (MI) (Entered: 09/20/2024) |
| 10/01/2024 | [103](#) | Letter *regarding the Court's Memorandum and Order of September 20, 2024, ECF No. 102* by City University of New York (Arko, Christopher) (Entered: 10/01/2024) |
| 10/01/2024 | | VACATED ELECTRONIC ORDER: In response to defendant's letter application [103](#) , judgement has already been entered on October 3, 2024, see entry [97](#) . Ordered by Judge Frederic Block on 10/1/2024. (MI) Modified on 10/1/2024 (MI). (Entered: 10/01/2024) |
| 10/01/2024 | | ELECTRONIC ORDER: The electronic order dated October 1, 2024 is VACATED. Ordered by Judge Frederic Block on 10/1/2024. (MI) Modified on 10/1/2024 (MI). (Entered: 10/01/2024) |
| 10/03/2024 | [104](#) | AMENDED MEMORANDUM AND ORDER: The Clerk of Court shall enter judgment in the sum of $75,000 in favor of Plaintiff Rogelio Knights, Jr. against Defendant City University of New York. Ordered by Judge Frederic Block on 10/3/2024. (Attachments: # [1](#) Arbitration Award, # [2](#) Daily New Story) (MI) (Entered: 10/03/2024) |
| 10/07/2024 | [105](#) | CLERK'S JUDGMENT: that judgment is hereby entered in the sum of $75,000 in favor of Plaintiff Rogelio Knights, Jr. against Defendant City University of New York. Signed by Deputy Clerk, Jalitza Poveda, on behalf of Clerk of Court, Brenna B. Mahoney, on 10/7/2024. (JP) (Entered: 10/07/2024) |
| 10/28/2024 | [106](#) | NOTICE OF APPEAL by City University of New York. Filing fee $ 605, receipt number ANYEDC-18434285. (Arko, Christopher) (Entered: 10/28/2024) |
| 10/28/2024 | | Electronic Index to Record on Appeal sent to US Court of Appeals. [106](#) Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 10/28/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/20/2024 10:37:44 | | | |
| **PACER Login:** | arosinus | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-00480-FB-RML |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
ROGELIO KNIGHTS, JR.,

                 Plaintiff,                        JUDGMENT
                                                     19-CV-480 (FB) (RML)

                 -against-

THE CITY UNIVERSITY OF NEW YORK,
THOMAS A. ISEKENEGBE, and CHRISTOPHER
TODD CAROZZA,

                 Defendants.
-------------------------------------------------------- X

       An Amended Memorandum and Order of Honorable Frederic Block, United States

District Judge, having been filed on October 3, 2024, directing the Clerk of Court to enter

judgment in the sum of $75,000 in favor of Plaintiff Rogelio Knights, Jr. against Defendant City

University of New York; it is

       ORDERED and ADJUDGED that judgment is hereby entered in the sum of $75,000 in

favor of Plaintiff Rogelio Knights, Jr. against Defendant City University of New York.

Dated: Brooklyn, NY                               Brenna B. Mahoney
        October 7, 2024                     Clerk of Court

                                          By: */s/Jalitza Poveda*_____
                                                Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROGELIO KNIGHTS, JR.<br><br>      Plaintiff,<br><br>  -against-<br><br>THE CITY UNIVERSITY OF NEW YORK, THOMAS A. ISEKENEGBE, and CHRISTOPHER TODD CAROZZA,<br><br>      Defendants. | **AMENDED MEMORANDUM AND ORDER**<br><br>Case No. 1: 19-CV-480 (FB) (RML) |

*Appearances:*
*For the Plaintiff*:
ROOSEVELT SEYMOUR
147 Prince Street, Room 203
Brooklyn, NY 11201

*For the Defendants*:
SYLVIA O. HINDS-RADIX
CHRISTOPHER ARKO
Corporation Counsel for the
City of New York
100 Church Street, Room 2-140
New York, NY 10007

**BLOCK, Senior District Judge:**

I write in response to the Court's remand "for the District Court to reconsider its award of fees in light of the relevant standards and considerations and, if it again finds that an award of fees is appropriate, to articulate its basis for such a finding." *Knights v. City Univ. of New York*, No. 23-7708-CV, 2024 WL 3912895, at *2 (2d Cir. Aug. 23, 2024).

To be sure, as I wrote in my underlying decision awarding counsel fees, I

was "mindful of the Supreme Court's holding in *Farrar v. Hobby*, 506 U.S. 103 (1992), that '[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all.'" *Knights v. City Univ. of New York*, 697 F. Supp. 3d 3, 4 (E.D.N.Y. 2023). And I was "also mindful of the Second Circuit's interpretation of *Farrar* in *Pino v. Locasio*, 101 F.3d 235 (2d Cir. 1996), where it held that 'while there is no *per se* rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare.'" *Knights*, 697 F. Supp. 3d at 4 (citing *id.* at 238).

Moreover, I recognized that "in *Pino,* the Court cabined those rare circumstances justifying a fee award to those cases where a tangible result was achieved by the litigation that 'confers a benefit to society' such as the creation of 'a new rule of liability that served a significant public purpose.'" *Id.* And I cited Second Circuit precedent calling for "ground-breaking conclusions of law," or litigation which "resulted in the granting of injunctive relief" to warrant counsel fees. *Id.* (citing *Pino*, 101 F.3d at 239; *McGrath v. Toys "R" Us, Inc.*, 356 F.3d 246, 252 (2d Cir. 2004); and *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)).

Why then did I award counsel fees in this case? Although I thought that my decision laid out the bases for my fee award, perhaps in retrospect it was not

sufficiently explicit.

Preliminarily, I do not read *Farrar* or *Pino* as being preclusive of unusual, *rare* situations where justice and fairness support an award of fees, especially where, as here, the litigation came about principally because of the defendant's bad acts. *See Pino*, 101 F.3d at 239 (there is "no *per se* rule that a plaintiff recovering nominal damages can never get a fee award").

I found one such example: Judge McMahon's decision in *Lee v. McCue,* No. 04-CIV-6077 CM, 2007 WL 2230100 (S.D.N.Y. 2007). There the plaintiff made no new law, but nonetheless "prevailed on a significant constitutional claim of false arrest . . . as well as on his state law claims of battery, false arrest, and false imprisonment." *Id.* at *7. Although he sought $1.5 million in damages, the jury only awarded nominal damages.

In awarding counsel fees, Judge McMahon reasoned that "the plaintiff achieved a meaningful victory on a significant constitutional claim; moreover, Plaintiff's counsel was also compelled to defend against a patently meritless pre-trial motion . . . ." *Id.*

The *bona-fides* of a defendant's litigation strategy causing the plaintiff here to unnecessarily litigate a case which, if not for the defendant's bad acts, might never have happened, should not be countenanced.

Let me explain:

3

The following facts are largely taken from the arbitration decision rendered
on November 7, 2018. *See* Arbitration Op., ECF No. 15-2 (attached hereto for the
Court's convenience).

Knights had been hired on September 6, 2016, by the defendant CUNY as a
Substitute Higher Education Associate at Bronx Community College as Student
Athletic Manager. His term was to expire on March 5, 2017, but his appointment
had been extended until April 5, 2017. He was the subject of a Title IX
investigation of sexual harassment of an adult student at LaGuardia College, and
was summarily discharged, without a hearing, on March 17, 2017. Exercising his
rights under the CUNY collective bargaining agreement he promptly sought
arbitration, seeking reinstatement and back pay.

Knights maintained that he was "entitled to a fact-finding hearing based
upon the due process protections contained in the fourteenth (14) amendment of
the U.S. Constitution and/or a name clearing hearing," citing the Supreme Court
decision in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), as
well as *Board of Regents v. Roth*, 408 U.S. 564 (1972), and similar cases
supportive of his entitlement to a name-clearing hearing "because the government
entity's termination has imposed a stigma or disability that prevents him from
taking advantage of other employment opportunities." Arbitration Op. at 6.

Instead of giving him the opportunity to clear his name in a classic "he said,

she said" verbal situation, CUNY sought to moot the arbitration. It did so by rescinding his termination with back pay, letting his employment lapse, and then bringing a motion before the arbitrator to abort the arbitration as moot.

Its gambit was successful. The arbitrator held that because Knights was reinstated with back pay there was no justiciable dispute remaining. She held that "the Grievant's contention he is entitled to a fact-finding hearing to clear his name based upon U.S. precedent is misplaced." She reasoned that "[w]ithout addressing any claim of stigma claimed by the Grievant, these cases apply to public employees with a property interest in their job," and that he did not have a constitutional property interest in his temporary job. *Id.* at 9.

The arbitrator was correct that Knights did not have a property interest in his employment but was dead wrong that he was not entitled to a name-clearing hearing. It is almost hornbook law that regardless of whether a property interest is extant, a terminated employee — regardless of whether he was a temporary or permanent employee — who claims that he has suffered a stigma because of his termination has a liberty interest entitling him to a name-clearing hearing. As the Second Circuit has made crystal clear, even if an at-will or temporary employee does not have a property interest in his continued employment, "a probationary employee can 'invoke the protections of the Due Process Clause' where that employee has suffered a loss of reputation 'coupled with the deprivation of a more

tangible interest, such as government employment.'"  *Segal v. City of New York*,

459 F.3d 207, 212 (2d Cir. 2006) (quoting *Patterson v. City of Utica*, 370 F.3d

322, 330 (2d Cir. 2004)).

Surely, CUNY's counsel must have known the law, but counsel never

conveyed that basic principle of constitutional law to the misguided arbitrator.

Knights had to resort to protracted litigation for the next six years before the jury

correctly decided that he was indeed entitled to a name-clearing hearing.

If Knights had received a timely name-clearing hearing before a CUNY

decisionmaker, it would have rendered nugatory any prospective trial because he

would have received all to which he was entitled.  *See Patterso*n, 370 F.3d at 328

("The remedy for a stigma-plus violation of a government employee's

constitutional due process rights is a name-clearing hearing where the employee is

given the opportunity to clear his name.").

To be sure, Knights' lawsuit did not go well for him, and the jury ruled

against him on the merits. However, it is understandable why he would seek

monetary damages for the employment opportunities that his ubiquitous stigma

allegedly caused him throughout the years. They included stigmatizing statements

made by CUNY personnel to the *New York Daily News*, which ran an article on

Knights on July 11, 2017.  *See* ECF No. 53-14 (attached hereto).  But, once again,

it never would have gotten that far if he had been given a prompt opportunity to

clear his name. That he understandably sought significant monetary damages was conceptually irrelevant, just as it was in *Lee*.

I thus believe that CUNY had acted in bad faith in successfully employing its mootness gambit to abort the arbitration and Knights' entitlement to his name-clearing hearing by reinstating him with back pay, thereby precluding him from his constitutional right to tell his side of this "he said, she said" story. I simply could not in good conscience condone CUNY's manipulative behavior and penalize Knights' attorney for engaging in six years of unnecessary litigation without any compensation.

I therefore consider the unique facts of this case to be tantamount to a rare example of when counsel fees are justified for a constitutional violation, even if no new rule of law resulted from the litigation. Moreover, I do not view depriving one of his constitutional entitlement to a name-clearing hearing as inconsequential. The Supreme Court has made it perfectly clear that this liberty interest is a fundamental right, not to be trampled on. Once again, as it stated in *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.* at 437.

As for the size of the fee award, Knights requested $119,700 but he had omitted from his request "hours spent in consultation with witnesses, email

exchanges with defendant's counsel, and other non-substantive administrative work." *See* Seymour Decl., ECF No. 89 at 2. More importantly, he "eliminated time spent on plaintiff's failed cross-motion for summary judgment on his property interest claim." *Id*. Thus, his fee request was limited to his successful liberty interest claim, namely the deprivation of his entitlement to a name-clearing hearing. Nonetheless, I did not give him what he requested for the prosecution of his liberty interest claim because his effort to monetize the consequential damages his client suffered from not having a hearing was unsuccessful.

I also reviewed the Schedule of Legal Services Mr. Seymour performed since 12/10/18, attached to his Declaration, and found them to be most reasonable for the protracted litigation caused by defendant's bad acts. *See* Ex. 2 to Seymour Decl., ECF No. 89-1 at 5-9. Moreover, I was impressed with the fact that although Mr. Seymour was a skilled federal civil rights litigator, "specializing in employment and labor issues", Seymour Decl. at 1, his hourly rate was only $350, even though the accepted average hourly rate for such litigation by someone of Mr. Seymour's stature in the Eastern District is $450. *See Holloway v. City of New York*, No. 21-CV-3858 (AMD) (CLP), 2024 WL 4333761, at *8 (E.D.N.Y. Sept. 27, 2024); *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019). And finally, I was impressed with Mr. Seymour's consummate professionalism and skillful presentation of his client's case.

I trust that I have explained my decision with sufficient clarity to allow the Court to make its final ruling. Therefore, I once again order that judgment be entered in the sum of $75,000 in favor of Plaintiff Rogelio Knights, Jr. against Defendant City University of New York.[1]

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 3, 2024

---

[1] As stated in my prior decision, "there is no formulaic method for prescinding between the time spent by Knights' counsel for his success in prevailing on Knights' name-clearing claim and his failure to be vindicated. In this circumstance, therefore, the Court must use its sound discretion and may 'simply reduce the award to account for the limited success.'" *Knights v. City Univ. of New York*, 697 F. Supp. 3d 3, at 9 (E.D.N.Y. 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).

AMERICAN ARBITRATION ASSOCIATION
----------------------------------X
In the Matter of the Arbitration          AAA: 01-17-0006-0079
    Between

PROFESSIONAL STAFF CONGRESS/CUNY          **Opinion and Award**

    And

CITY UNIVERSITY OF NEW YORK,
Bronx Community College

Grievant: Rogelio Knights
----------------------------------X
Before:   Deborah M. Gaines, Esq.

## OPINION

Pursuant to the authority granted under the parties' collective bargaining agreement, I conducted a hearing at the offices of the American Arbitration Association in New York City on August 29, 2018.  Roosevelt Seymour, Esq. represented the Grievant, Rogelio Knights.  Todd Drantch, Esq. represented CUNY at the hearing.

Prior to the commencement of the hearing, CUNY requested leave to file a motion to dismiss the case on the grounds of mootness.  The undersigned permitted the motion and provided the Grievant the opportunity to respond prior to the scheduled hearing date.

The parties met on August 29, 2018 at the offices of the American Arbitration Association in order to make oral argument regarding the motion to dismiss.  During the proceeding, the undersigned encouraged the parties to

discuss settlement.  They agreed to do so. After
unsuccessful discussions, they contacted the undersigned to
issue a determination on the threshold issue of whether the
grievance is moot.

Neither party has raised any objection to the fairness
of this proceeding.  The evidence and arguments presented
by the parties have been fully considered in rendering this
Opinion and Award.

**Background:**

The basic facts, for purposes of this preliminary
issue, are not in dispute. The Grievant, Rogelio Knights,
was appointed as a Substitute Higher Education Associate at
Bronx Community College as a Student Athletic Manager.  He
was appointed for the period September 6, 2016 until March
5, 2017.  His appointment was extended until April 5, 2017.

Following a Title IX investigation dealing with
allegations of sexual harassment involving a student at
LaGuardia College, the Grievant was discharged on March 17,
2017.  The college sent the Grievant a letter entitled,
Notice of Immediate Discharge, on September 28, 2017.  The
letter stated:

Dear Mr. Knights

On September 27 2017, my designee Susan Susan G. Fiore
Esq met with you to discuss with you and your attorney Mr.
Roosevelt Seymour to discuss the Notice of Intent for

Immediate Discharge the basis for the discharge and the penalty of termination.

I am writing to advise you pursuant to Article 21.8 of the 2010-2017 agreement between the Professional Staff Congress/CUNY and the City University of New York ("PSC/CUNY Agreement"), the College has determined to discharge you for just cause, effective immediately.

In accordance with Article 21.8(e) of the PSC/CUNY Agreement, you may, within fourteen (14) calendar days of service of this Notice of Immediate Discharge appeal by proceeding to disciplinary arbitration in accordance with Section 21.7 of the PSC/CUNY Agreement.

The notice of appeal to disciplinary arbitration shall be filed by service upon the Vice Chancellor for Legal Affairs and the American Arbitration Association, with a copy to me. [See, Grievant Exhibit 4]

The Grievant appealed his termination under the steps of the Grievance Procedure. His grievance read, in pertinent part:

Grievance: Improper Termination without just cause.

Violations: The entire 2010-2017 PSC/CUNY collective bargaining agreement, including but not limited to Article(s) 21.9, the entire CUNY bylaws and all relevant written policies of the Board.

Remedy: Immediate reinstatement with make whole relief.

[CUNY Exhibit C]

The Step II grievance reiterated the same allegations.

[CUNY Exhibit D]

On May 3, 2018, the college sent the Grievant a
certified letter which rescinded his termination. It
provided, in pertinent part:

Please be advised that Bronx Community College ("the
College") has rescinded your March 17, 2017 termination as
Athletics Manager. Your original substitute appointment
(09/06/2016-03/05/2017) as Student Athletic Manager was for
a six (6) month period.  The substitute appointment was
then extended for an additional thirty (30) days, from
March 6, 2017 to April 5, 2017.

In the interim you were terminated effective March 17,
2017.  As stated above, the termination will be rescinded
and as a result, the College will process payment to you in
the amount of $3,855.26 as full and final payment for the
remaining term of the extension of your substitute
appointment, or thirteen (13) working days.

Bronx Community College thanks you for your service
and wishes you continued success in your career endeavors.
[CUNY Exhibit E]

CUNY records demonstrate the Grievant's personnel file
reflects his "termination" reason currently reflects "End
of Assignment" and no references to discipline or charges
or allegations are contained therein.  See, CUNY Exhibit G

**Positions of the Parties:**

CUNY maintains the Grievance filed by Mr. Knights
alleging improper termination without just cause is now
moot.  It maintains the College's action of rescinding his
termination, updating his records to reflect end of
assignment rather than termination for cause, removal of
any derogatory material from his personnel file and payment

4

of lost wages rescinds the personnel action for which the
Grievant claimed an improper action under the contract.

CUNY notes the Agreement defines grievance as a
breach, misinterpretation or improper application of the
collective bargaining agreement.  It maintains, "the
College sustained the grievance by its own actions."  [CUNY
brief p. 4]

According to CUNY, the Grievant is attempting to
change his grievance belatedly claiming the Title IX report
itself should be expunged.  CUNY maintains this is a new
and untimely claim.  It submitted prior arbitration
decisions to support its argument.  It argues it is not
only a new claim, but a different type of grievance.

Position of the Grievant

The Grievant contends the parties Agreement entitles
him to a fact-finding hearing on guilt or innocence on
whether he violated CUNY's Sexual Misconduct Policy and
whether termination was the appropriate penalty.  He cites
Article 21.8(3) which provides "the disciplinary arbitrator
shall be limited to determining ….." [Joint Exhibit 1]
According to the Grievant, the contract provides the right
to a fact-finding hearing and the fact that the College
rescinded the penalty cannot take away this right.  It
argues the College has not rescinded the adoption of the

findings of the Title IX investigative report, and thus, it maintains the controversy is not moot.

Notwithstanding his rights under the parties' collective bargaining agreement, the Grievant maintains he is entitled to a fact-finding hearing based upon the due process protections contained in the fourteenth (14) amendment of the U.S. Constitution and/or a name clearing hearing.  He cites the decision in <u>Cleveland Board of Education v. Loudermill</u>.  Likewise, he cites Supreme court jurisprudence under Board of Regents, and similar cases arguing he is entitled to a name clearing hearing, because the government entity's termination has imposed a stigma or disability that prevents him from taking advantage of other employment opportunities.

**<u>Decision:</u>**

After carefully reviewing the entire record before me and considering all the arguments raised by the parties, I find there is no issue left to arbitrate, which renders the grievance moot. My reasons follow.

The record evidence demonstrates there is no longer a justiciable issue for arbitral determination. In his grievance (both steps I and II), Mr. Knights alleged he was terminated without just cause in violation of Article 21.9, the bylaws and CUNY regulations.  On May 3, 2018, CUNY

granted the Grievance. CUNY rescinded the termination, made the Grievant whole for all lost wages, and removed any reference to discipline in his personnel file. Based on these actions, there is no longer any issue to adjudicate.

The Grievant's insistence that he has a right to a hearing under the parties' Agreement is misplaced. Article 21.9 allows for the review of disciplinary charges through the disciplinary arbitration procedure outlined in 21.8 of the Agreement. 21.8(4) specifically limits the disciplinary arbitrator's authority to determinations of guilt or innocence and the sufficiency of grounds for the penalty. [Joint Exhibits 1a and b] The contract further provides:

> The arbitrator shall not consider alleged violations of any other provision or article of this Agreement, or the University Bylaws or written policies, which shall be subject as applicable, only to the provisions of Article 20 of this Agreement. The disciplinary arbitrator shall not add to, subtract from, or modify the provisions of this Agreement. The disciplinary arbitrator's decision regarding guilt or innocence and the sufficiency of grounds for the penalty shall be final and binding upon the parties. The disciplinary arbitrator may approve or disapprove the penalty or impose other penalties warranted under the circumstances.

As noted earlier, the College has never served charges upon the Grievant and it has rescinded the adverse personnel action it took against the Grievant. Thus, the undersigned has no authority under to decide on the guilt or innocence

7

of the Grievant.  The College has rescinded the action, and, clearly it did not terminate the Grievant for just cause.

The Grievant has failed to identify any remedy for which he could be entitled which has not been granted when the College granted his grievance by reversing his termination.  The Grievant cites the "adoption" of the Title IX report as an issue.  However, under the sexual harassment policy, as noted by the Grievant, alleged violations of the policy may form the basis of charges. If the Grievant had been subject to disciplinary charges, the report could form evidence of the investigation to support an allegation of dismissal for cause.  However, the report itself is not a charge and, the undersigned, has no authority based upon the statement of the Grievance to rule upon the report itself.

To the extent, the Grievant is now claiming the report violates a provision of the Agreement or CUNY Regulation or Bylaw, that constitutes a separate grievance. As Arbitrator Viani noted in Wilson Obi, a grievance must state a claim with particularity at the outset.  In this case, the Grievant's alleged he was terminated without just cause. Expungement of a report, which is not a charge, is not within the purview of the original grievance.  The

allegation of an unjust adoption of a report was never the subject of the original grievance and the parties' grievance procedure precludes the addition of it now, without the full consent of both parties.

Finally, the Grievant's contention he is entitled to a fact-finding hearing to clear his name based upon U.S. Supreme Court precedent is misplaced. Without addressing any claim of stigma claimed by the Grievant, these cases apply to public employees with a property interest in their job. The Grievant does not hold a civil service appointment in his title. Rather, it is undisputed his appointment to the HEO title is a substitute appointment which is specifically limited by contract and has no right or assumption of reappointment. Thus, he has no constitutional property interest in his position.

By reason of the foregoing, I issue the following

<u>**AWARD**</u>

The Grievance is moot and, therefore, the Grievance is dismissed.

Dated: November 7, 2018

_Deborah Gaines_

_____
Deborah M. Gaines, Arbitrator

Affirmation
State of New York      }
County of New York   }  ss:

I, DEBORAH GAINES, do hereby affirm upon my oath as
Arbitrator that I am the individual described in and who
executed this instrument, which is my award.

_____
               (Signature)

EXHIBIT 14



SUBSCRIBE
4 weeks for only 99¢

LOG IN

ADVERTISEMENT

**NEW YORK**

# Ex-Bronx college athletics director claims he never asked basketball player for nude pictures in wrongful firing suit against CUNY

By **STEPHEN REX BROWN**
JUL 11, 2017 AT 3:47 PM





Rogelio Knights Jr. was fired from his Bronx Community College job in March over the claims. (Bronx Community College)

The director of athletics at Bronx Community College says he was unfairly ousted from his job after a basketball player accused him of leering at her "like a snack" and asking her to send nude selfies — a charge he says was cooked up by her coach.

Ex-Bronx college athletics director claims he never asked basketball p...   https://www.nydailynews.com/new-york/ex-college-athletics-boss-cl...

Rogelio Knights Jr. sued CUNY, which oversees Bronx Community College, late Monday in Manhattan Supreme Court, for wrongful termination, though his suit included an array of damning documents against him.

ADVERTISEMENT



ADVERTISEMENT

Knights, 34, had started his new job at Bronx Community College in January 2017 when he crossed paths at a game with a basketball player for LaGuardia Community College, where he had previously worked.

After the game, the basketball player, who the Daily News is choosing not to identify, alleged that Knights "had asked for nude photographs of herself, told her that he would like to have sex with her and another student athlete and locked her in his office," the suit reads.

FEEDBACK

Knights blamed LaGuardia Basketball Coach Anthony Alfaro, with whom he had "a long history of discord" for concocting the allegations, which he said were false, according to papers.

But a CUNY investigation into the Jan. 19 incident, included in court documents, provided details of the vile alleged behavior.

Ex-Bronx college athletics director claims he never asked basketball p...  https://www.nydailynews.com/new-york/ex-college-athletics-boss-cl...



Knights is suing CUNY, which oversees Bronx Community College (pictured.) (Alvarez, Enid/New York Daily News)

The basketball player, apparently aware Knights was leering at her, was caught on video walking by him "covering her backside," according to papers. Knights then invited the player, whom he had previously mentored, into his office, where he allegedly locked the door and began perusing her cellphone for private photos.

The player recalled Knights saying "he hoped she would make him smile by showing him nude pictures of her," papers said. He also made disgusting comments about wanting to sleep with her and a fellow student athlete, the investigation found.

ADVERTISEMENT





Ex-Bronx college athletics director claims he never asked basketball p...    https://www.nydailynews.com/new-york/ex-college-athletics-boss-cl...

The player complained that Knights had looked at her "like a snack, or in an overtly sexual manner," according to the investigation.

Knights denied the charges and said he had witnesses who would back up his account that no harassment had occurred.



Knights had previously worked at LaGuardia Community College. (Frank Franklin II/AP)

Nevertheless, the charge was substantiated, and Knights was fired in March 2017.



**Breaking News Newsletter**
As it happens

Get updates on the coronavirus pandemic and other news as it happens with our free breaking news email alerts.

| ENTER YOUR EMAIL ADDRESS | > |

Knights' suit seeks an order giving him his job back on the grounds that CUNY did not follow proper procedure when terminating him.

of 8    10/23/2021, 1:55 PM

**MOST READ**

**Why the Dave Chappelle special is the hill to die on**

**Paul Walker's daughter Meadow walked down the aisle by Vin Diesel**

**Interrupted threesome results in two deaths, abuse of a corpse: cops**

Calls to Knights and his attorney were not answered.

A CUNY spokesman declined to comment.

Alfaro, 53, told the Daily News his role in the incident that led to Knights' firing was minimal — but recalled that the student athlete was very upset.

"The young lady was distraught to say the least," he said. "She didn't understand why this was happening … it was extremely unsettling."

ADVERTISEMENT

**FEEDBACK**

Alfaro confirmed he'd alerted the administration to Knights' behavior with female athletes in a previous incident, a move he called "precautionary."

Topics: sex crimes, cuny

**Boy is bullied at a Burger King. The reaction of the other customers is amazing!**

**Happy in Shape** | Sponsored

## ADDENDUM B

**Issue 1:** Did the district court err in awarding fees to Knights, given that the Supreme Court has held that a plaintiff who recovers nominal damages is generally entitled to no fee at all, and that this Court has accordingly ruled that civil-rights plaintiffs are entitled to fee awards only when they receive some significant measure of damages or other meaningful relief, neither of which Knights obtained?

A district court's decision to award attorneys' fees is reviewed for abuse of discretion. *CARCO GROUP, Inc. v. Maconachy*, 718 F.3d 72, 79 (2d Cir. 2013). An abuse of discretion occurs when, among other things, the district court's decision "rests on an error of law." *Id.* (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010)).